# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41317
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN DE DIOS GARCIA-LEAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-2556-1

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan De Dios Garcia-Leal, federal prisoner # 81103-279, moves for leave to proceed in forma pauperis (IFP) on appeal from the grant of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines. The district court denied his IFP motion and certified that the appeal was not taken in good faith. By moving for IFP status, Garcia-Leal is challenging the district court's certification decision. *See Baugh*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41317

*v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Garcia-Leal asserts that the district court erred in granting relief under § 3582(c)(2), and reducing his sentence to only 85 months in prison.  He argues that, at his initial sentencing, he was sentenced in the middle of the guidelines sentencing range, and the district court, upon granting his § 3582(c)(2) motion, did not impose a comparable sentence; he asserts that the district court instead sentenced him near the top of the amended guidelines range.  He contends that the district court should have sentenced him to 80 months in prison.  We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion.  *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

The district court – which considered, inter alia, Garcia-Leal's motion, the initial and amended guidelines ranges, the 18 U.S.C. § 3553(a) sentencing factors, and Garcia-Leal's post-sentencing conduct – exercised its discretion and concluded that the pertinent factors weighed in favor of Garcia-Leal being granted a reduction within the amended guidelines range.  *See Evans*, 587 F.3d at 673.  While Garcia-Leal suggests that the district court did not sufficiently reduce his sentence, his argument is misguided.  Because the district court was not obligated to reduce Garcia-Leal's sentence at all, the district court did not have to reduce it further than it did within the recalculated guidelines range. *Id*.  Accordingly, Garcia-Leal has not shown that the district court abused its discretion by not granting him a greater reduction in sentence.  *See id.*

Thus, Garcia-Leal's appeal does not present a nonfrivolous issue and has not been brought in good faith.  *See Howard*, 707 F.2d at 220.  The motion for

No. 15-41317

leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at n.24; 5TH CIR. R. 42.2.